IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LEE AGERS | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| J.C. CHRISTENSEN & ASSOCIATES, INC. | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff Lee Agers, an individual consumer, against Defendant J.C. Christensen & Associates, Inc. for violation of the Fair Debt Collection Practices Act, **15 U.S.C. § 1692 et seq**. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under **15 U.S.C. § 1692k (d)** and **28 U.S.C. § 1337.** Declaratory relief is available pursuant to **28 U.S.C. §§ 2201 and 2202.** Venue is proper in this District because the conduct complained of occurred here and Plaintiff resides here.

### PARTIES

3. Plaintiff, Lee Agers (hereinafter referred to as "Plaintiff") is a natural person who resides in Montgomery County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

4. Defendant J.C. Christensen & Associates, Inc., (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and a for-profit Corporation organized in Minnesota, that keeps its principal offices at 200 14th Avenue East, Sartell, Minnesota 5677 and can be served through their registered agent of The C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## FACTUAL ALLEGATIONS

8. Several years ago, Plaintiff allegedly incurred an obligation to pay money arising out of a transaction in which the subject of the transaction was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a debt allegedly originally owed to, or serviced by, Citibank U.S.A., N.A. on behalf of Sears (hereinafter "Citibank").

9. Plaintiff allegedly defaulted on his obligation with the original creditor. Sometime after this default Plaintiff's debt was consigned, sold, or otherwise transferred to the Defendant for collection from Plaintiff.

10. Upon information and belief, the statute of limitations has passed for Defendant to pursue legal action on this account.

11. Within one (1) year prior to the filing of this Complaint, on or about August 13, 2015, the Defendant began its attempts to collect from Plaintiff the alleged financial obligation and sent the Plaintiff the first and only communication from the Defendant about the alleged debt. ***See Exhibit 1***.

Page **2** of **6**

Case 3:16-cv-01832   Document 1   Filed 07/13/16   Page 2 of 6 PageID #: 2

11. The letter indicates that the Defendant has been contracted to represent LVNV Funding, LLC and that the Defendant is authorized to negotiate "GENEROUS SETTLEMENT TERMS" on the account.

12. The letter did not say that the six-year statute of limitation had run on the debt, which would provide a complete defense to any lawsuit to recover the money. *See* **Tenn. Code Ann. §28-3-109**.

13. Defendant's letter lacked the statutory notices required by **15 U.S.C. § 1692g(a)(3)-(5)**.

14. That the Plaintiff has suffered actual damages as a result of this illegal communication and collection attempt by Defendant in the form of attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*

16. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

17. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff.

18. Defendant violated **15 U.S.C. § 1692e** by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered to settle a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations and that it existed.

19. The Plaintiff was confused by the Defendant's misleading offer to settle a debt that was past the statute of limitations because any payment on the debt could reactivate the statute of limitations, a violation of **15 U.S.C. § 1692e**.

20. Defendant violated **15 U.S.C. § 1692e(2)** by misrepresenting the character, amount, or legal status of the debt when it attempted to collect on a debt that it states is "eligible for legal review" and "If our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action".

21. Defendant's conduct violated **15 U.S.C. § 1692f** because it engaged in unfair or unconscionable means to attempt to collect a debt, by offering to settle this time-barred debt without disclosing that any repayment would likely renew the statute of limitations.

22. Defendant's conduct violated **15 U.S.C. § 1692f** because it engaged in unfair or unconscionable means to attempt to collect a debt, by offering to settle this time-barred debt without disclosing that there was no standing for judicial action in this matter.

23. Defendant violated **15 U.S.C. § 1692g(a)(3)** by failing to state that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days of the initial communication with the Plaintiff.

24. Defendant violated **15 U.S.C. § 1692g(a)(4)** by failing to state that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

25. Defendant violated **15 U.S.C. § 1692g(a)(5)** by failing to state that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from current creditor.

26.. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k (a)(3)** from the Defendants.

## CLAIM FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against the Defendants in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against the Defendants;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against the Defendants; and

- for such other and further relief as may be just and proper.

Dated  July 13, 2016

        Respectfully submitted on behalf of,

        **LEE AGERS**

        ***/s/ William M. Kaludis***
        William M. Kaludis, Attorney for the Plaintiff
        SHIELD LAW GROUP
        BPR #017433
        1230 2nd Ave. S.
        Nashville, TN 37210-4110
        Phone: (615) 742-8020
        Fax: (615) 255-6037
        bill@shieldlawgroup.com

Page **6** of **6**

Case 3:16-cv-01832   Document 1   Filed 07/13/16   Page 6 of 6 PageID #: 6